Corwin v. British Am. Tobacco P.L.C., 2016 NCBC 14.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 8130

DR. ROBERT CORWIN, AS TRUSTEE )
FOR THE BEATRICE CORWIN LIVING )
IRREVOCABLE TRUST, on Behalf of a )
Class of those Similarly Situated, )
                                         )
       Plaintiff, )
                                           )
      v. )
                                           )
BRITISH AMERICAN TOBACCO PLC, )
REYNOLDS AMERICAN, INC., SUSAN )
M. CAMERON, JOHN P. DALY, NEIL R. )
WITHINGTON, LUC JOBIN, )
NICHOLAS SCHEELE, MARTIN D. )
FEINSTEIN, RONALD S. ROLFE, )
RICHARD E. THORNBURGH, HOLLY )
K. KOEPPEL, NANA MENSAH, )
LIONEL L. NOWELL III, JOHN J. )
ZILLMER, and THOMAS C. WAJNERT, )
                                           )
       Defendants. )

## FINAL ORDER APPROVING PARTIAL SETTLEMENT

The Stipulation of Partial Settlement, dated 5 October 2015 (the "Stipulation"), of certain claims in the above-captioned class action (the "Action"), and the partial settlement contemplated thereby (the "Partial Settlement") having been presented at the Settlement Hearing on 12 February 2016, pursuant to the Order For Preliminary Approval Of Partial Settlement, Certification Of Settlement Class, Approval Of Class Notice And Scheduling Of Final Approval Hearing, entered herein on 1 December 2015 (the "Preliminary Approval Order"), which Stipulation was entered into by Plaintiff Dr. Robert Corwin, as Trustee for The Beatrice Corwin Living Irrevocable Trust ("Plaintiff") and Defendants Reynolds American, Inc. ("Reynolds"), Susan M. Cameron, John P.

Daly, Neil R. Withington, Luc Jobin, Nicholas Scheele, Martin D. Feinstein, Ronald S. Rolfe, Richard E. Thornburgh, Holly K. Koeppel, Nana Mensah, Lionel L. Nowell III, John J. Zillmer, and Thomas C. Wajnert (collectively with Reynolds, the "Settling Defendants" and with Plaintiff, the "Settling Parties"); and the North Carolina Business Court in the General Court of Justice, Superior Court Division (the "Court") having determined that notice of said hearing was given to the Settlement Class in accordance with the Preliminary Approval Order and that said Notice was adequate and sufficient; and the Settling Parties having appeared by their attorneys of record; and the attorneys for the respective Settling Parties having been heard in support of the Partial Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Partial Settlement having been considered by the Court; [1]

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, this 17th day of February, 2015, that

1. The Notice has been given to the Settlement Class (as defined below) pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all parties to the Action, the Settlement Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the North Carolina Rules of Civil Procedure and due process, and it is further determined that all members of the Settlement Class are bound by the Final Order herein.

---

[1] All Capitalized Terms in this Final Order and Judgment not otherwise defined herein shall have the same definitions as they have in the Stipulation.

2.    The Court hereby finds, pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, as follows:

a.    that (i) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Settlement Class, (iii) the claims of Plaintiff are typical of the claims of the Settlement Class, (iv) Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and (v) a class action is superior to all other methods available for adjudication of the controversy before the Court;

b.    that the requirements of Rule 23 of the North Carolina Rules of Civil Procedure have been satisfied;

c.    that the requirements of the North Carolina Rules of Civil Procedure and due process have been satisfied in connection with the Notice; and

d.    that a non-opt-out class is appropriate here because the relief sought for the Settlement Class was for uniform remedies of injunctive and declaratory relief, all of which were applicable with respect to the Settlement Class as a whole.

3.    Therefore, for the sole and limited purpose of effectuating the Partial Settlement,[2] the Court hereby certifies a non-opt-out class pursuant to Rule 23(a) of the North Carolina Rules of Civil Procedure, with the Settlement Class defined as follows:

> any and all record holders and beneficial holders of Reynolds common stock (excluding Defendants and British American Tobacco p.l.c., and their immediate families and their affiliates) for the period from and including July 14, 2014 through and including June 12, 2015, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or

---

[2] As set forth in the Stipulation, all Defendants retain all rights to oppose class certification of all claims for any and all other purposes.

on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns.

4.     Plaintiff is hereby certified as the Class Representative for the sole purpose of effectuating the Partial Settlement, and Mullins Duncan Harrell & Russell PLLC and Block & Leviton LLP are certified as Class Counsel for the sole purpose of effectuating the Partial Settlement.

5.     The Court finds the Partial Settlement to be fair, reasonable and adequate and in the best interests of the Settlement Class, and it is hereby approved.  The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Final Order.

6.     The Settled Claims are hereby dismissed on the merits and with prejudice and, except as provided herein and in the Stipulation, without costs.

7.     The Releasing Persons shall be deemed to have and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged each of the Released Persons of the Settled Claims.

8.     The Releasing Persons are hereby permanently barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any of the Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Persons in any forum whatsoever.

9.     The Released Persons shall be deemed to have and by operation of this Final Order shall have fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiff, Plaintiff's Counsel, and the members of the Settlement Class, from all claims arising out of the instituting, prosecution, settlement or resolution of the Settled Claims; provided however

that the Settling Defendants and the Released Persons shall retain the right to enforce the terms of the Partial Settlement.

10.     Neither the Stipulation nor the Partial Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Partial Settlement, is or may be deemed to be or may be used in any manner as: (a) an admission of, or evidence of, the validity of any Settled Claims, or of any wrongdoing or liability of the Settling Defendants, any damage or injury to any person, or for any other purpose; (b) an admission or concession by Plaintiff or any member of the Settlement Class of any infirmity in the Settled Claims; or (c) an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issues preclusion or similar defense or counterclaim.

11.     The Court hereby approves a payment of fees and expenses in the amount of $379,389.65 in fees and $35,610.35 in expenses, which the Court finds to be fair and reasonable and consistent with Rule 1.5 of the Revised Rules of Professional Conduct of the North Carolina State Bar, and which shall be paid to Mullins Duncan Harrell & Russell PLLC on behalf of both of Plaintiff's Counsel within ten business days following the entry of this Final Order. This payment shall be made by Reynolds, its successor in interest, and/or the insurer(s) of Reynolds, or its successor in interest. In the event this Final Order awarding fees is reversed or modified on appeal, Plaintiff's Counsel shall refund to Settling Defendants the amount by which the fees and expenses were reduced within ten business days of the order reversing or modifying this Final

Order. In further support of this award of fees and expenses, the Court makes the following findings and conclusions:

a.  The Settling Parties' Memorandum of Understanding ("MOU"), and most specifically Paragraph 10 thereof, which was incorporated by reference into the Stipulation and Partial Settlement, establishes a contractual basis for the Court's authority to make an award of fees and expenses to Plaintiff's Counsel in an amount that is fair and reasonable. *See Ehrenhaus v. Baker*, __ N.C. App. __, 776 S.E.2d 699, 708 (2015); *In re Pike Corp. S'holder Litig.*, 2015 NCBC LEXIS 95, at *17–20 (N.C. Super. Ct. Oct. 8, 2015). However, the Court is not bound by the assertions of any party as to what amount is reasonable. Accordingly, the Court has carefully considered the fee and expense request and the record in the context of the circumstances of this case, controlling authority, and the Court's experience in analogous cases.

b.  Paragraph X of the Notice provided notice to the Settlement Class that, "[i]f the Court approves the Partial Settlement, Plaintiff intends to petition the Court at the Settlement Hearing to approve the payment of attorneys' fees and expenses by Reynolds . . . in an amount not to exceed in the aggregate $842,876.31 (including costs, disbursements, and expert fees), including out-of-pocket expenses incurred by Plaintiff for expert and other costs associated with their prosecution of the Action." Subsequently, and pursuant to the schedule set forth in the Preliminary Approval Order, Plaintiff and Plaintiff's Counsel filed a Motion for an Award of Attorneys'

Fees and Expenses on 31 December 2015 (the "Fee and Expense Motion"). The Fee and Expense Motion was supported by a brief, affidavits of Plaintiff's Counsel, and other materials. In the Fee and Expense Motion, Plaintiff and Plaintiff's Counsel requested the Court award a total of $742,364.38 (including $35,610.35 in expenses and $706,754.03 in fees). On 21 January 2016, Plaintiff filed the Stipulated Supplement to Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (the "Fee and Expense Stipulation"). The Fee and Expense Stipulation, which was executed by Plaintiff's Counsel and by counsel of record for the Settling Defendants, provides that "Plaintiff and Counsel hereby voluntarily reduce the amount of the pending fee and expense request to $415,000.00" (including $35,610.35 in expenses and $379,389.65 in fees), and that "the Settling Defendants do not oppose an award of fees and expenses in this amount."

c. The Court notes that the Settling Defendants have not adopted any of the specific legal or factual assertions contained in the Fee and Expense Motion and the affidavits submitted by Plaintiff's counsel.

d. The Court received one objection to the Proposed Settlement, filed by James C. Snyder, Jr. Otherwise, no member of the Settlement Class has filed an objection to the fee and expense request—neither to the amount set forth in the Notice, nor to the reduced amount requested in the Fee and Expense Motion, nor to the further reduced amount set out in the Fee and Expense Stipulation. Mr. Snyder appeared at the Settlement Hearing through

counsel. No other member of the Settlement Class filed an objection or appeared at the Settlement Hearing.

e.     Mr. Synder filed his objection on 29 January 2016, indicating that he intended to retain counsel, but had not yet been able to. In part, the objection asserted that the Settlement Hearing should be delayed and the record supplemented because of the decision by Chancellor Bouchard of the Delaware Court of Chancery in *In re Trulia, Inc. Stockholder Litigation*, C.A. No. 10020-CB, 2016 Del. Ch. LEXIS 8 (Jan. 22, 2016). The Court was aware of that opinion prior to the objection being filed and had noted its potential significance in the Court's own opinion in *Raul v. Burke*, 2016 NCBC LEXIS 8, at \*15 (N.C. Super. Ct. Jan. 28, 2016). Mr. Snyder subsequently retained counsel, who then filed a motion on 8 February 2016, asking the Court to continue the Settlement Hearing from 12 February 2016, or, if not, to consider allowing additional briefing or record filings after the Settlement Hearing on 12 February 2016 and before the Court's final decision on whether to approve the Partial Settlement. The Court convened an emergency telephone hearing, at which the Court indicated that the Settlement Hearing would proceed on 12 February 2016 as noticed, and that the Court would defer any determination as to whether to leave the record open after the Settlement Hearing. Mr. Snyder then submitted, and the Court accepted, the affidavit of Professor Sean J. Griffith in support of the objection. In substantial respect, the arguments presented in the affidavits were duplicative of earlier arguments presented in opposition to Plaintiff's

Motion for Preliminary Injunction regarding the materiality of the Supplemental Disclosures, or lack thereof.

f. Mr. Snyder appeared through counsel at the Settlement Hearing and presented argument. Even though the Court is required to base its decision on North Carolina law, the Court has fully considered the holding in *Trulia*. The Court has carefully balanced the "give" and the "get" of the proposed Partial Settlement. Although they do not control in this case, the Court noted that there are differences between Delaware law and North Carolina law that may be relevant to Chancellor Bouchard's favored approach of reviewing fee requests based on supplemental disclosures using the framework of a mootness dismissal. That approach is possible because Delaware courts employ the common-benefit doctrine when approving attorneys'-fee requests. North Carolina does not follow this rule. *See In re Wachovia S'holders Litig.*, 168 N.C. App. 135, 141–43, 607 S.E.2d 48, 52–53 (2004). Having fully considered the matter, the Court concludes that the objection does not warrant the Court's refusal to accept the proposed Partial Settlement. The objection is then overruled, and the record upon which the Court is to consider the proposed Partial Settlement shall be closed.

g. The nature of the claims in this litigation required highly skilled litigation counsel with experience in shareholder class actions. Class Counsel collectively have extensive experience litigating before this Court and before the Delaware Chancery Court in complex litigation, including shareholder class actions.

h.      Defendants expressly "acknowledge[d] that the pendency of the Action and the efforts of Plaintiff's counsel were the sole cause for the consideration set forth" in the MOU, including the provision of the Supplemental Disclosures. The Supplemental Disclosures were material, cannot be fairly characterized as "routine," and constituted valid consideration. *See In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 203 (Del. Ch. 2007); *see also In re BioClinica, Inc. S'holder Litig.*, 2013 Del. Ch. LEXIS 52, at *18 (Feb. 25, 2013).

i.      The Court notes that this Partial Settlement does not release Plaintiff's claims challenging the fairness of the Transaction. The fee award is further justified by the limited nature of the release offered by Plaintiff in combination with the materiality of the Supplemental Disclosures. *See In re Pike*, 2015 NCBC LEXIS 95, at *24.

j.      The affidavits of Plaintiff's Counsel state that each firm accepted the engagement pursuant to a written contingency-fee agreement that provided for the sharing of fees between the respective law firms without any assurance of payment.

k.      Plaintiff's Counsel advanced the expenses of the litigation. The amount and type of these expenses, as set forth in the affidavits of Plaintiff's Counsel, are fair and reasonable, and not excessive.

l.      Plaintiff's Counsel devoted 1,167.2 hours to the prosecution of this litigation through 17 January 2015, the date that the Settling Parties executed and filed the MOU. It is appropriate to focus on this time period

in connection with the fee and expense request, although the Court acknowledges that Plaintiff's Counsel have devoted significant time to effectuating this Partial Settlement after 17 January 2015, such as negotiating, preparing, and filing numerous documents with the Court, appearing before the Court both telephonically and at the Settlement Hearing, responding to inquiries from members of the Settlement Class, and other similar tasks in their capacity as Class Counsel.

m. Plaintiff's Counsel's time was efficiently and necessarily spent. Plaintiff's Counsel worked diligently under stringent time limitations, including an expedited briefing schedule, particularly with respect to the scheduled shareholder vote on parts of the Proposed Transaction and Plaintiff's efforts to seek an injunction of that vote while the Disclosure Claims remained pending. Among other things, during the relevant time period, Plaintiff's Counsel reviewed an extensive proxy statement and several amendments thereto, prepared discovery requests, fully briefed motions filed by Defendants to stay that discovery, retained experienced experts, reviewed documents produced by the Settling Defendants, and fully briefed a motion for preliminary injunction with supporting materials. Plaintiff's Counsel's efforts in connection with this case limited their ability to accept other engagements.

n. Using Plaintiff's Counsel's usual and customary rates, the value of the 1,167.2 hours incurred through the date of the MOU is $523,521.50. Reducing the fee request amount to $379,389.65, pursuant to the Fee and

Expense Stipulation, yields an implied average hourly rate of $325.04. The Court concludes that this is reasonable, and clearly not an excessive rate. *See In re Harris Teeter Merger Litig.*, 2014 NCBC LEXIS 47, at \*24–25 (N.C. Super. Ct. Sept. 24, 2014); *see also In re Pike*, 2015 NCBC LEXIS 95, at \*21–23.

o.  The fee award of $379,389.65 is consistent with, and in fact less than, the amount of fees awarded in connection with other disclosure-based settlements that have come before this Court for approval, and is also within the parameters of what a Delaware court would award in similar litigation. *See id.* at \*27; *In re Harris Teeter*, 2014 NCBC LEXIS 47, at \*25–26.

12.  If, for any reason, the Partial Settlement is terminated, overturned, or materially modified on appeal or as a result of further proceedings on remand, or otherwise does not become effective, unless the Settling Parties shall agree otherwise, the Settling Parties shall revert to their litigation positions immediately prior to the execution of the Stipulation and this Final Order shall become null and void.

13.  Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over all Settling Parties for the purpose of construing, enforcing and administering the Stipulation, the Partial Settlement, and this Final Order.

This the 17th day of February, 2016.

/s/ James L. Gale
James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases